St. Louis Type Foundry and others *v.* Carter & Gibson Printing
Co. and others.[1]

*(Circuit Court, N. D. Texas.* May, 1887.)

Injunction—Restraining Order—Bill not Stating the Facts.
    An injunction will be refused, and a restraining order previously issued will
    be quashed, when the bill does not set forth the conceded facts in the case.

On Motion for an Injunction *Pendente Lite,* and upon a counter-motion
to dissolve a restraining order.

Pardee, J. This case is submitted upon a motion for an injunction
*pendente lite,* and a counter-motion to dissolve the restraining order hereto-
fore granted *ex parte.* It is submitted upon an unsworn bill, alleging
fraud, a sworn answer of Carter & Gibson denying fraud, and two ex-
hibits of chattel mortgages,—one granted by the defendant printing com-
pany, dated September 15, 1885, in favor of defendants G. B. Carter and
H. K. Gibson and the other chattel mortgage granted by the defendant
printing company, November 18, 1885, in favor of the complainants
on the same property, covered by the mortgage of September 15th afore-
said, and containing this provision:

"Except or subject, however, to a previous deed of trust given in October,
1885, to secure an indebtedness of nineteen hundred and twenty dollars to
Carter & Gibson, parties who were formerly stockholders in the concern."

In the sworn answer of Carter & Gibson is this averment:

"Further answering, these respondents say that the complainants were fully
apprised of the purchase of respondent's said stock by the Carter & Gibson
Printing Company, and of the said mortgage given to secure the payment of
said notes; and not only were complainants aware of said purchase, but these
respondents charge and allege that said complainants approved of said sale.
And, further, these respondents would show to the court that before the said
mortgage given to the complainants by Carter & Gibson Printing Company
was executed, that the whole circumstance of the sale and mortgage to these
respondents was fully explained to the complainants, and they had full knowl-
edge of same; and, when complainants drew up their said mortgage to be
signed by the Carter & Gibson Printing Company, (and respondents allege that
the same was prepared by complainants or their attorneys in St. Louis, Mo.,)
they, with a full knowlege of respondents' mortgage, and with a full knowl-
edge of the financial condition of the Carter & Gibson Printing Company, they
expressly provided and inserted in said mortgage the following clause:"—

Then reciting the clause above quoted, as to the mortgage to Carter &
Gibson.

This showing of the case is not met by the complainants; who, ignor-
ing the recitals in their own contract, and their alleged consent, seem to
place their case upon the admitted allegations that the defendant com-
pany is and was insolvent; that part of their debt was contracted prior
to the mortgage of September, 1885; and the further charge that the pur-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

chase of stock from Carter & Gibson, and the mortgaging of the company's property to secure the indebtedness created by such purchase of stock, was fraudulent as to existing creditors. Without disputing any of these positions, it is sufficient to say that, as the case is presented to the court, the complainants consented to the purchase of stock from and the execution of the mortgage to Carter & Gibson, and as long as the complainants stand upon the mortgage of November, 1885, which is the basis of their bill, they are éstopped from attacking the validity of the Carter & Gibson mortgage.

The injunction *pendente* asked for must be refused, and the restraining order heretofore granted upon a bill not setting forth the conceded facts in the case must be dissolved.